UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NICHOLAS LANGLEY ET AL** | **CASE NO.  2:21-CV-03621** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INS CO** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Protective Order or, in the alternative, Motion to Quash [doc. 13] filed by defendant Allied Trust Insurance Company ("Allied") and seeking to limit certain topics and document requests made in association with an upcoming 30(b)(6) deposition. Plaintiffs oppose the motion, noting that they resolved their differences on several of the topics in the Rule 37 conference and that the others all relate to relevant and discoverable matters in this suit. Doc. 15.

The suit arises from Hurricane Laura and Hurricane Delta damage to plaintiffs' home, which was at all relevant times insured under a homeowner's policy issued by Allied. Plaintiffs have filed suit against Allied in this court, raising claims of breach of insurance contract and bad faith. Doc. 1. The matter is currently set for trial on May 22, 2023.

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy,

>the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While discovery rules are accorded a broad and liberal construction, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal quotations omitted). The district court thus has discretion, on motion by a person or party against whom discovery is sought, to enter an order protecting that individual "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The movant, however, must show good cause for the order's issuance, "which contemplates a particular and specific demonstration of fact as opposed to stereotyped and conclusory statements." *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Here the motions concern an upcoming deposition of Allied noticed under Federal Rule of Civil Procedure 30(b)(6). Under this rule, the party requesting a corporation's deposition must "describe with reasonable particularity the matters in which examination is being requested." Fed. R. Civ. P. 30(b)(6). The court will not delve any further into the topics where the parties have already resolved their differences in the Rule 37 conference will thus deny the motions as moot in that regard. *See* doc. 15, atts. 1 & 2. Accordingly, the remaining issues in dispute are:

>**Topic 11:** Reserves regarding the subject claims, including the factual basis for same and any revisions thereto.

**Topic 20:** References to Louisiana, and documents in Allied's possession that informed their adjusters/employees/agents about Louisiana law and its interpretation as it relates to first party property damage claims.

**Document Production 28:** Documents pertaining to industry guidelines, standard practices, and recommended practices regarding first party property damages claims handling practices.

**Document Production 33–61:** All documents in regard to the corresponding topics of inquiry.

On the first topic, Allied maintains that policy reserves are generally irrelevant. Plaintiffs counter with several cases finding the information relevant and discoverable where bad faith is alleged. *See, e.g.*, *Hunter v. GEICO Gen. Ins. Co.*, 2018 WL 4352823, at *16–*17 (E.D. La. Sep. 12, 2018) (collecting cases); *see also Krantz v. State Farm Fire Fire and Cas. Co.*, 2016 WL 320148, at *7–*8 (M.D. La. Jan. 25, 2018). While the court makes no determination at this point as to the ultimate admissibility of such evidence at trial, it agrees that the information may be relevant to plaintiffs' bad faith claim, is not privileged, and poses no undue burden on Allied. Accordingly, the motions will be denied in this regard.

As for references to Louisiana/Louisiana law, plaintiffs have requested:

Any/all jurisprudential or jurisdictional references for Louisiana, and any/all other documents in ALLIED TRUST INSURANCE COMPANY'S possession that informed their adjusters/ employees/agents about Louisiana law and its interpretation as it relates to FIRST PARTY PROPERTY DAMAGE claims.

Doc. 13, att. 1, p. 6. Allied maintains that this request is overly broad, unduly burdensome, and seeks information (namely, any such guidance Allied received from its counsel) subject to attorney-client privilege. The court agrees as to the privilege objection and will therefore grant the motion for protective order to the extent that Allied is not required to disclose any references to Louisiana or Louisiana law contained within communications that are subject to attorney-client privilege. To the extent there are references contained in any non-privileged communications, however, the court finds that Allied has failed to meet its burden of showing that the request is overly broad or unduly burdensome. The request is specific enough and highly relevant to the claims in this matter. Therefore the motions are denied in all other respects as to this topic.

> At Document Request 28 plaintiffs state:
>
> Produce any/all documents referred to, relied upon, or that you consider a reliable resource pertaining to industry guidelines, standard practices, and recommended practices regarding FIRST PARTY PROPERTY DAMAGE claims handling practices.

Doc. 13, att. 1, p. 8. Allied argues that the request is irrelevant, because it is not relying on an industry custom or practice defense to plaintiffs' bad faith claims. It also argues that the request is overly broad because "[t]here are likely hundreds of potential sources of information and plaintiff has not specified any aspect of claims handling that may be relevant." *Id.* at 9. The court agrees that the request is overly broad to the extent that it seeks documents Allied might "consider a reliable source" but agrees that documents referred to or relied upon by the company on first party property damage claims handling practices are highly relevant to this matter. The extent to which Allied, reasonably or

otherwise, investigated the proofs of loss offered by plaintiffs will form the proof for or against plaintiffs' bad faith claims. The extent to which Allied complied or deviated from relevant industry standards in this handling is thus reasonably calculated to lead to the discovery of admissible evidence, and the request for such information is neither overly broad nor unduly burdensome. The motions will be granted to the extent Allied is not required to identify documents it merely considers a "reliable resource" but denied in all other respects.

Finally, under Document Requests 33 through 61 plaintiffs state:

> In the event such documentation/information is not already addressed herein, produce any and all documents in regards to [Topic Number] of the subject matter enumerated in the 30(b)(6) notice set forth herein above.

Doc. 13, att. 1, p. 9. Allied argues that this request is overly broad and unduly burdensome. The court disagrees, noting that the topics are specifically laid out and that Allied can reasonably be required to produce any documents in its possession relating to those topics. The motions are denied in this regard.

Accordingly, for the reasons stated above, the Motion for a Protective Order and Motion to Quash [doc. 13] are **GRANTED IN PART** and **DENIED IN PART** as to the topics in dispute above and **DENIED AS MOOT** in all other regards.

**THUS DONE AND SIGNED** in Chambers this 19th day of July, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE