UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NICHOLAS LANGLEY ET AL**          CASE NO. 2:21-CV-03621

**VERSUS**                          JUDGE JAMES D. CAIN, JR.

**ALLIED TRUST INS CO**             MAGISTRATE JUDGE KAY

**MEMORANDUM RULING**

Before the court is a Motion for Summary Judgment [doc. 23] filed by defendant Allied Trust Insurance Company and seeking dismissal of plaintiffs' bad faith claims. Plaintiffs oppose the motion. Doc. 25.

**I.**
**BACKGROUND**

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta on a residence owned by plaintiffs in Lake Charles, Louisiana. Doc. 1. Plaintiffs allege that the property was insured at all relevant times under a homeowner's insurance policy issued by Allied, and that Allied failed to timely or adequately compensate them for covered losses. *Id.* Accordingly, they filed suit in this court on October 14, 2021, raising claims of breach of contract and bad faith under Louisiana law. *Id.*

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order ("CMO") but did not resolve. Doc. 11. It is now set for jury trial on May 22, 2023. Doc. 12. Allied has filed the instant motion for summary judgment on plaintiffs' bad faith claims, asserting that no genuine issue of material fact

exists as to the timing of its undisputed payments to plaintiffs. Doc. 23. Plaintiffs oppose the motion, arguing that genuine issues remain as to the contractual damages owed under Coverages A (Dwelling) and D (Loss of Use) and whether Allied was in bad faith for the payments it made/did not make. Doc. 25.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3)

the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted). Satisfactory proof of loss can also be established through the insurer's inspection of the site through its own adjuster. *JRA Inc. v. Essex Ins. Co.*, 72 So.3d 862, 881 (La. Ct. App. 4th Cir. 2011). Whether and when the insurer received "satisfactory proof of loss" sufficient to trigger its payment obligations is a question of fact. *Lamar Adv. Co. v. Zurich Am. Ins. Co.*, 2021 WL 1113451, at *9 (M.D. La. Mar. 22, 2021) (citing 15 William Shelby McKenzie & H. Alston Johnson, III, La. Civ. L. Treatise: Insurance Law and Practice § 11:5 (4th ed. 2020)).

Allied maintains that there is no basis for finding bad faith, pointing out that it remitted the full amount of its independent field adjuster's estimate within 30 days of receiving its report. After plaintiffs submitted their own adjuster report, Allied invoked appraisal within 30 days and then timely tendered the additional payments decided through that process. As plaintiffs note, however, the RCV of Coverage A damages in the appraisal

award was over three times the RCV of Coverage A damages determined by Allied's adjuster—an increase from $48,425.50 to $163,782.65. *See* doc. 23, atts. 7, 14, & 19. As a result of the appraisal process Allied also paid an additional $4,200 under Coverage D, an increase of over 200 percent. *See* doc. 23, atts. 10 & 19. These staggering increases raise fact issues as to whether Allied's original adjustment was conducted in good faith and whether it could have reasonably relied on the numbers its own retained adjusters supplied.[1] Accordingly, Allied is not entitled to summary judgment on plaintiffs' bad faith claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 23] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of April, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs still contest the adequacy of the Coverage A award through appraisal and have submitted repair receipts exceeding that amount.